IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karen Archibald,<br><br>              Plaintiff,<br><br>v.<br><br>Martin O'Malley,<br>Commissioner of Social Security,<br><br>              Defendant. | No. CV-24-0495-TUC-RCC (EJM)<br><br>**REPORT AND RECOMMENDATION** |

On October 2, 2024, Plaintiff Karen Archibald filed a Complaint against Defendant Martin O'Malley seeking a review of the Commissioner of Social Security's adverse decision regarding Plaintiff's claim for Social Security benefits. *See* Compl. (Doc. 1). Currently pending before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).

The Court may allow a plaintiff to proceed without prepayment of fees when it is shown by affidavit that she "is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1). A plaintiff seeking in forma pauperis status "need not be absolutely destitute," but she "must allege poverty 'with some particularity, definiteness and certainty.'" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (first quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960) (per curiam); then quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam)).

Here, Plaintiff avows that she does not have any earned income. Her husband receives $5,272.00 in monthly retirement income. IFP Appl. (Doc. 2) at 2. Plaintiff and

1 2 3 4 5 6 7 8 9 10 11 12 13 her husband have a joint checking account with $2,000.00, as well as separately reported cash in the amount of $3,000.00. *Id.* Plaintiff lists her monthly expenses totaling $2,802.00 and her husband's as $1495.00. *Id.* at 4–5. She notes that payments for joint expenses are paid from the same account. *Id.* According to the application, Plaintiff and her husband do not have any housing expenses in the form of rent or a mortgage. *Id.* at 4. The monthly expenses as totaled in the application equal $4,297.00, which is $975.00 less than her husband's retirement income—her community share would be $487.50 each month. Based on the foregoing, Plaintiff fails to show that she "cannot pay the court costs and still afford the necessities of life." *Escobedo*, 787 F.3d at 1234 (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see Frye v. Cohen*, No. CV-23-00937-PHX-JJT, 2023 WL 4182162, at *2 (D. Ariz. June 26, 2023) (reaching the same conclusion as to a plaintiff who had $1,300 in a checking account and whose monthly income exceeded his expenses by $930).

14 15 16 17 18 19 20 21 The Court is concerned, however, that the Plaintiff has incorrectly calculated her and her husband's monthly expenses. The Court has added up each column and found Plaintiff's expenses total $2,702.00 (a minor difference from what she reported); however, her husband's expenses appear to add up to $2,539.00. This is a significant increase, which, if correct, would change this Court's findings. Because this is a Report and Recommendation, Plaintiff will have an opportunity to object. If Plaintiff chooses to object, she shall submit any corrections to the listed expenses and provide any additional information that may clarify her family's financial position to the District Judge.

22 23 Accordingly, the Court RECOMMENDS that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) be DENIED.

24 25 26 27 28 Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2), Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). No replies shall be filed unless leave is granted from the District

Judge. If objections are filed, the parties should use the following case number: **CV-24-0495-TUC-RCC**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review.

Dated this 18th day of October, 2024.

Eric J. Markovich
United States Magistrate Judge